CHARLOTTE PHILLIPS, ET AL

*v.*

STATE OF ILLINOIS.

*Opinion filed January 30, 1919.*

INHERITANCE TAX—*exemption. When estate not liable to tax. Refund.* Where the widow, who is a life tenant of the testator, dies before any of the children of testator who are devisees under the will, the children are each entitled to an exemption of $20,000.00, upon the valuation of their respective shares.

REFUND—*when refund will be made.* Where inheritance tax has been assessed, and paid, under Section 25, and afterward the beneficiaries become vested with entire estate, and after allowing the exemption, it is found no tax is due the State, claimant is entitled to a refund of the tax paid.

Edward J. Brundage, Attorney General, for State.

The petitioners, Charlotte Mary Phillips, Kate Edith Royal, Bryon Calm Player, Anna Louise Player, Newton John Player and Milton Player, the latter as sole surviving executor and the other as only heirs at law of John Player, deceased, claim a refund of $926.38 inheritance tax paid, and statement of facts as follows:

John Player died testate August 14, 1914, and Milton Player and Charlotte Player, widow, were appointed executors of the last will and testament of decedent.

The above named six petitioners were the only children and heirs at law left by him surviving, who took as legatees in the will the property of decedent in equal parts, except a very few small bequests.

The inheritance tax was assessed, levied and collected against said estate or estates in remainder so devised to said children to the amount of $926.38 on the estate appraised at $117,513.14, allowing but one exemption of $20,000.00, which was allowed to Bryon Calm Player.

The said widow was a life tenant also died April 7th, 1917, leaving her surviving the said same six children of herself and her said husband.

By reason of the death of the said Charlotte Player, widow before the death of any of the children, legatees and devisees of said John Player deceased, each of said children was and is entitled to $20,000.00 upon the value of their respective shares and devisees and for such reason the said tax of $926.38 so paid in as aforesaid should be refunded to all of said petitioners except Bryon Calm player, with 3% interest per annum from February 13, 1915.

The State by its counsel, Edward J. Brundage, Attorney General, says the evidence shows that claimants are entitled to a refund of said sum under section 25 of the inheritance laws with interest as

stated, but in order to make the facts clearer states that the will directed that some of the remainder should be given certain real estate at certain valuation as per their respective shares.

The claimants evidently stated their case on the assumption that the shares will all be equal and hence below the exemption, as to each. That in view of the provisions of the will while their shares will be considered equal, the actual value of their shares will not be equal."

The State admits that the actual value of the property to be delivered in kind differs so slightly from the valuations placed thereon by the testator that there will be no inheritance tax in this estate as to these remainders, and it so held by the Court and an award of $926.38 with 3% interest per annum from February 13, 1915, is hereby made in favor of the claimants for the use of the claimants, except Bryon Calm Player.